Doe, on the demise of NATHAN SCOTT and HAMIONE, his wife, in right of said wife, *v*. RICHARD ROE, casual ejector, and JAMES ALEXANDER, Tenant in possession.

The heir can only be disinherited by express words contained in the will, or by a plain and unequivocal intention appearing upon the face of the instrument when carefully and attentively considered, or by necessary implication of law giving an estate in fee in the lands devised to the devisee.

A testator in the preceding items of his will bequeathed several legacies to his other children and heirs at law, separately by name, accompanying the bequest to each with the concluding words "and to have no more of my estate," and in a succeeding item of his will devised all his lands to one of his sons without any words of inheritance or limitation in the devise. *Held* that the devisee took but a life estate in the lands devised,

and that it was not enlarged in the absence of any words of inheritance, or limitation, by construction, or implication to an estate in fee, by reason of the foregoing words added to the bequests and legacies to his other heirs at law.

When a debt or legacy accompanying such a devise of land is directed to be paid to another and is charged by the testator on the devisee personally to pay it, it will by implication of law enlarge the estate so devised, and which would otherwise be but an estate for life, to an estate in fee.  But no such implication of law arises, and the estate so devised will not be so enlarged, when the debt, or legacy to be paid, is charged upon the land itself so devised, or upon the testator's estate generally, or upon his personal estate in particular, and not upon the devisee personally.

THIS was an action of ejectment for an undivided third of four hundred acres of land in North West Fork Hundred, and the only question presented by it, involved the construction of the following devise in the will of Hezekiah Morris, deceased.  "Item—My will and desire is that my son Constantine T. Morris should have all my lands, including my mansion, plantation, and tract of land, and all other pieces or parts or tracts of land that I am at this time, or may at my death be possessed of, and also all the remainder of my personal estate after the legacies before named and my just debts are paid." The testator left to survive him as his heirs at law three sons, Cannon Morris, William Morris, Constantine Morris and the issue of one daughter, Sarah Ward, deceased, wife and relict of Joseph Ward, deceased, namely, Harmione Scott, late Harmione Ward, wife of Nathan Scott, lessors of the plaintiff, and Hambleton Ward, who died intestate and without issue, after the death of the testator. In the preceding items of his will, the testator had bequeathed a pecuniary legacy to each of these heirs at law by name, except, to the devisee of his real estate, his son Constantine T. Morris, concluding and terminating the item, or clause of bequest to each respectively, with the following words: to have the aforesaid legacy " and no more of my estate." The testator died and the will was probated in 1824.  Constantine T. Morris, his son, entered into possession of the lands in question under the

foregoing item and devise to him in the will, and held the same, until they were sold on a judgment recovered against him and execution at sheriff's sale and bought by Jacob Charles, who afterward sold and conveyed them by deed of bargain and sale in fee to Amos Stayton who was the landlord of the real defendant and tenant in possession. Constantine T. Morris was now dead.

*Moore*, for the plaintiff: The will of the testator in this case was made and probated long before the late statute was enacted in this State in regard to devises of land in general terms without any words of qualification or limitation, and under which we admit the devise in question would have carried the fee. *Revised Code* 276, *sec.* 24. The late act therefore had no application to the case; and by the rules of construction at common law, there was nothing in the will, or in the devise of the land to Constantine T. Morris simply, without any words of limitation, which indicates an intention on the part of the testator, to give him an estate in fee in it. He should therefore contend that it was but a devise of the land to him for the term of his natural life. In the construction of a will, it will not do to resort to, nor to rely on conjecture as to the design and intention of the testator. *Allen et al. v. Compton et al.*, 9 *East* 267. A devise without limitation, gives but a life estate. 6 *Cruise, Title, Devise,* 259, 208 *in note.* 2 *Jarm. on Wills,* 170. An heir at law shall not be disinherited except by express words, or by necessary implication. 6 *Cruise* 173. It might be contended, however, on the other side, that inasmuch as there was an express bequest in this will of a legacy to Harmione Ward, now Harmione Scott, wife of Nathan Scott, who were the plaintiffs in the action, accompanied with the words and direction of the testator that she was to have the legacy therein bequeathed, " and no more of his estate," together with the same terms and the same direction added to all the other items of the will and bequests to the other heirs at law of the testator, it furnished this necessary implica-

tion, and had the effect to enlarge the devise of the land in question, to Constantine T. Morris, to a fee; as if such vague and negative expressions applied to others and employed with reference to the mere personal bequests, could disinherit and defeat the legal title of the heirs at law to the real estate, succeeding thereto by descent and operation of law, and not by virtue of the will, or anything contained in it, could suffice to show that the deliberate purpose and design of the testator was to give this highly favored and preferred son, even without it, a fee in the land, from the terms employed in the devise to him, notwithstanding, there were no words of limitation contained in it. But the heirs at law could only be disinherited by express words, or what was equivalent to it, by necessary implication. There were no express words; was there any such implication in this case? He contended that the preceding provisions of the will which were relied upon on the other side to raise and support such an implication, could have no such effect or operation in this case. 2 *Jarm. on Wills,* 170. *Jackson v. Harris,* 8 *Johns,* 141 *Jackson v. Wells,* 9 *Johns,* 222. *Jackson v. Embler,* 14 *Johns,* 198. *Silvy v. Howard,* 23 *Eng. C. L. R.* 74. *Viner v. Eave,* 31 *Eng. C. L. R.* 350. *Jackson v. Ball,* 10 *Johns,* 148. *Connoway v. Piper,* 3 *Harr.* 482. *Walter v. Miller,* 5 *Harr.* 151. 3 *Cruise* 320 *in note.* 6 *Cruise* 227. 2 *Crabbe on Real Prop. sec.* 962 (55 *Law Libr.* 13.)

*C. M. & E. D. Cullen,* for defendant: In the construction of wills the manifest intention of the testator must prevail, provided it could be carried out consistently with the rules of law and the decisions on the subject. In this will provision was made for each one of the heirs at law of the testator, and the only devise of the land was to his son Constantine T. Morris. There were bequests of his personal property to each of the other heirs by name separately " and no more of his estate," and then followed the devise of the land in question to the son Constantine T. Morris " and also the remainder of his per-

sonal estate." The court will look at the whole will and
the several items of it collectively, in order to ascertain
the intention of the testator, and would give effect to that
intention, as had before been remarked, when so ascer-
tained, if it could be done in conformity with the es-
tablished rules for the construction and interpretation of
wills. This court, though not the present members of it,
had already done this in a case very similar, if not almost
entirely analagous to the will now before it, and after
taking a survey of all its items, some of which concluded
in the same emphatic terms as in this will, " and no more
of my estate," had decided, that they did afford the neces-
sary implication referred to on the other side, and had
the effect to enlarge a devise of land without words of
limitation, from what would have otherwise constituted
but a life estate, to an estate in fee, because such words
added to the preceding gifts to other heirs, indicated an
intention on the part of the testator that the devisee of
the land should take the fee in it; for he had expressly
declared in the will that such heirs were never to have
any more of his estate, as clearly expressed as any wish,
or intention could possibly be expressed by him, and that
could only be done by giving to the devisee of the land,
what the testator must have intended he should have by
virtue of it, a fee simple in the premises. *Cordry v. Adams
and Wife,* 1 *Harr.* 439. The same principle was also
ruled in the case of *Doe d. Bates and Wife v. Clayton et al.,*
8 *East,* 141. A devise to one without words of inher-
itance, may convey an estate in fee, being construed with
the whole will; and the testator's intent thence inferred,
and in which case Parker, C. J., in announcing the opinion
of the court remarked that the quality of the estate took
by the devise must be determined by the words of the
will, taken together, and receiving a liberal construction
to effectuate the intention of the testator, as manifested
in the will. *Cook et al. v. Holmes and Wife,* 11 *Mass.* 528,
530. Circumstances twisted together, will interpret a
devise to be in fee, which on the face of it, is only for

life. *Brampton's Lessee v. Holyday et al.* 1 *Wm. Black, Rep.* 535. *Jackson v. Bull,* 10 *Johns,* 148, 3 *Dall.* 477. *Willes' Rep.* 138. In this case the court will also observe that the will corresponds in another particular with the will in the case of Cordry cited from 1 *Harr.* 439, to which the court in the latter case adverted and to which it attached some importance in arriving at a true construction of the devise. He alluded to the introductory clause of it. For in this will the introductory clause was almost identical with the introductory clause in the will in that case. In the present will it was in the following words : " and as touching such worldly goods as it hath pleased God to bless me with, I give and dispose of in the following manner " &c.

But the court would see that in another important respect this will differs from that, for in the present will the legacies which are given to the other heirs at law of the testator, were to be paid by the executor Constantine T. Morris the devisee of the land, which made them a charge on him personally, and not a charge on the land merely, devised in the will to him; and it was well settled that when the charge was of the former description, the devise without words of inheritance or limitation, and which otherwise would be but for the life of the devisee, was enlarged by implication to an estate in fee simple. 2 *Jarm. on Wills,* 170, 172. *Dolton v. Hemen,* 6 *Mad. Rep.* 14. *Doe d. Thorn v. Phillips,* 23 *Eng. C. L. R.* 178. *Doe d. Palmer v. Richards* 3 *T. R.* 356.

*C. S. Layton,* for the plaintiff, should not controvert the correctness of the principle of law last stated on the other side, but it had no application in the present case, for the charge was neither on the devisee individually, nor on the land devised to him. The will merely directed that the preceding legacies bequeathed to the other heirs, should be paid by the executor therein after mentioned out of the personal property left to him, and in a subsequent clause in which he was appointed the executor of

it. But there was nothing in the will in this case which evinced any intention on the part of the testator, according to the true and sound principles of testamentary interpretation, as now settled by the whole current of judicial decisions on the subject, to devise the land in question in fee to his son C. T. Morris, nor was there any such necessary implication resulting from the terms employed with reference to the other heirs and the respective legacies given to them in the preceding items of the will, as could have the effect to convert the life estate on the face of the devise, to an estate in fee by construction. The case of *Cordry* in 1 *Harr.* 439, had been cited and much relied upon by the other side, in relation to which he would simply remark that it was not sustained by the opinion of the whole court when the decision was made, was contrary to the opinion of the Chancellor and the Associate Judge in the Orphans' Court below, and for these reasons was not entitled to the weight and respect as a precedent, which had usually attended the decisions of the court in which it was made.

*The Court, Gilpin Ch. J.,* charged the jury, that the heirs at law in this case could only be disinherited, or deprived of their legal right of succeeding to the inheritance in fee simple of the land in question, by descent and operation of law, by express terms, or words contained in the will, or by a plain and unequivocal intention appearing upon the face of the instrument when carefully and attentively considered, or by necessary implication of law, giving an estate in fee in the land devised to the devisee. There were no such express words in this will, and the court could not discover any such intention sufficiently apparent and certain in the whole body of it, when taken together, to control the legal signification and construction of the immediate item in question, and which must prevail in the absence of any words of inheritance, or limitation, or other technical and legal expressions necessary to create and confer a title by devise in fee simple.

As to the implication of law so much and strongly pressed by the counsel for the defendant in the concluding portion of his argument, it was well settled, and had been so recognized in a still more interesting and intricate case lately very ably and elaborately argued in the Court of Errors and Appeals in the case of Graham's Will, *Doe d. Harrington v. Dill,* 1 *Houst.* 410. On that point the general principle of law, is that where there is a devise of lands without any words of inheritance or limitation, accompanied with a direction in the will, or with a charge on the devisee of the land personally, to pay a sum of money as a debt, or a legacy for instance, to another, the law by implication enlarges the estate in that case devised, and which would otherwise be but a life estate, to an estate and devise in fee simple. But where the legacy, or debt is not so charged, but is charged on the land itself so devised, or upon the estate of the testator generally, or upon his personal estate in particular, the implication does not arise, and the devise is not enlarged from an estate for life of the devisee to an estate in fee. By the terms of the will, however, in this case, each of the legacies bequeathed in it to the other heirs at law of the testator, is directed by him in the respective items in which they are given, to be paid, not by the devisee, as devisee of the land, or by him personally or individually, but out of his estate by his executor therein after mentioned, and then in the concluding clause of the will, he afterwards bequeaths the remainder or residue of his personal estate to the devisee of the land in question, after his just debts and the foregoing legacies are paid out of it. There was therefore no implication of law on the principle just stated, in this case, to enlarge the devise to a fee; and we have no hesitation in saying to the jury, as it is purely a question of legal and judicial construction of a will, that Constantine T. Morris, the devisee, took but an estate for the term of his life in the lands in question under this devise, and as it was the only question in the case, the verdict should be in favor of the plaintiffs.